IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00122-MR

| | | |
|---|---|---|
| JASON CARMONA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CRAIG GREENLEE, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint.[1] [Doc. 1]. The Plaintiff has also filed addenda purporting to add claims, evidence, and Defendants. [Docs. 5, 7, 8, 11]. The Plaintiff is proceeding in forma pauperis. [Doc. 10].

**I. BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and North Carolina law addressing incidents that allegedly occurred at the Union County Jail (UCJ), where he is a pretrial detainee. The Plaintiff names as Defendants: Craig Greenlee, the UCJ medical supervisor; Jane Does 1 and

---

[1] The Plaintiff characterizes this action as a "separate claim" involving Case No. 3:21-cv-00366, which is presently pending in this Court. [Doc. 1 at 1; Doc. 1-2 at 1].

2, UCJ nurses; and "Company 'Adona,'"[2] the health care provider for UCJ. The Complaint addresses the allegedly deficient treatment of the injuries he allegedly sustained in an inmate attack on March 5, 2021. He alleges that the Jane Doe nurses who saw him immediately after the incident and the following day failed to adequately evaluate and treat his swollen, bruised, and painful hand, and that Defendants Greenlee and Adona should be held accountable "for employees' inadequate medical services." [Doc. 1 at 6]. He also complains that Defendant Greenlee refuses to provide him with the Jane Doe nurses' names, "all medical reports, inquiries, … grievances … [and] x-ray copies…," without a subpoena. [Doc. 1-1 at 1]. As injury, he claims: "(1) Broken hand – provided me no treatment when I truly needed to go to the hospital because it was indeed broke and they guessed it wasn't, received x-ray 7-8 months later and proved it was broke; (2) P.T.S.D. from assault – now on mental medication." [Id. at 11]. He seeks $1 million in compensatory, punitive, and nominal damages, and a subpoena for the Jane Doe nurses' names and various records from Defendant Greenlee. [Doc. 1-1 at 1].

Before the Plaintiff initiated the instant action, he filed another § 1983 action in this Court, Case No. 3:21-cv-00366-MR. The Second Amended Complaint in Case No. 3:21-cv-366 names as Defendants: Union County;

---

[2] Also referred to as "Odona" in the Complaint. [Doc. 1 at 3].

UCJ; the Union County Sheriff's Office; Eddie Cathey, the Union County Sheriff; Dan Rogers the UCJ jail administrator, K. Martin, a UCJ classification corporal, and FHU Younts, a UCJ classification officer. It addresses the same March 5, 2021 inmate attack in which the Plaintiff's hand was allegedly injured, and asserts claims including deliberate indifference to a serious medical need. The Second Amended Complaint passed initial review against Defendants Martin and Younts for failure to protect, and the Court exercised supplemental jurisdiction over the Plaintiff's North Carolina due process claims against them. [3:21-cv-366, Doc. 23]. The medical deliberate indifference claim was dismissed on initial review because the allegations demonstrated, at most, disagreement with the medical care or negligence, and because the Plaintiff referred to individuals who were not named as defendants. [Id.]. Defendants Younts and Martin have been served and filed an Answer. [Id., Doc. 26].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the

complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Here, Plaintiff's Complaint is so overlapping and duplicative of Case No. 3:21-cv-366 that the Court cannot allow the two actions to proceed simultaneously. Because the Plaintiff filed the proceedings in the other case first, the Court will dismiss the instant action without prejudice. The Plaintiff will be granted another opportunity to amend his Complaint in Case No. 3:21-cv-366 in light of the instant case's dismissal.

To the extent that the Plaintiff seeks discovery, the request is premature in the instant case; he may seek discovery at the appropriate time in Case No. 3:21-cv-366 in accordance with all applicable rules and procedures.

## IV. CONCLUSION

In sum, the Plaintiff's Complaint is duplicative of Case No. 3:21-cv-366-MR and, as such, the instant action will be dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: June 13, 2022

Martin Reidinger
Chief United States District Judge